UNITED STATES, Appellee,

v.

Private (E–2) Willie L. HUGHES, SSN
440–64–0242, United States
Army, Appellant.

SPCM 13316.

U. S. Army Court of Military Review.

20 Dec. 1978.

———

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Carlos A. Vallecillo, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Robert D. Newberry, JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

1. A member who has committed an offense in violation of the Uniform Code of Military Justice punishable by a bad-conduct or dishonorable discharge may submit a Request for Discharge for the Good of the · Service. If approved by the general court-martial convening authority, separation is effected through administrative channels. Although an honorable

OPINION OF THE COURT

WATKINS, Judge:

In accordance with his pleas, appellant was convicted of three specifications of absence without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1976). He was sentenced by a special court-martial composed of commissioned members to a bad-conduct discharge and reduction to the grade of Private E–1. The convening authority approved the sentence.

Appellant alleges that he was substantially prejudiced by a ruling of the trial judge during the presentencing portion of the trial admitting into evidence Prosecution Exhibit 3, a Request for Discharge for the Good of the Service under the provisions of Army Regulation 635–200.[1]

This document was introduced by the trial counsel and admitted by the military judge in rebuttal of two defense statements suggesting that appellant desired to complete his term of enlistment. The first of these presentencing statements was made on behalf of appellant by his trial defense counsel, who stated in part:

Private Hughes turned himself in knowing that he would be punished. He knows he was wrong, what he's done, and is ready to accept his punishment. He would like to ask this court to give him a second chance to serve in the Army. His first cousin is a career soldier and his father also served in the Army. He knows that he's let a lot of people down, particularly his family and those who have encouraged him in the past. He knows he can serve out his enlistment after being punished and is willing to serve in any capacity.

or general discharge certificate may be issued if merited by the member's record of service during the current enlistment, paragraph 10–8 of Army Regulation 635–200 specifies that an other than honorable discharge certificate normally is appropriate. In practice, a Request for Discharge for the Good of the Service is commonly referred to as a "Chapter 10."

Following this statement by counsel, appellant made a brief unsworn statement, as follows:

ACC: Members of the jury, the statement I'd like to say is very short. It's that I know I made a mistake and I would, you know, like to recommend that I'll do the best I can to—I don't know how to say it—to get over this mistake that I had made. I would just like to be given a chance to do what I can to serve the Army in any capacity they would want me to serve.

The trial counsel then requested a sidebar conference at which, over defense objection, he prevailed upon the trial judge to admit the Request for Discharge for the Good of the Service which appellant had submitted five weeks earlier (on December 1977). The document consisted of a locally-reproduced, preprinted form, superimposed with certain administrative entries and signatures supplied by appellant and his counsel. The exact language used was as prescribed by the governing Army Regulation.[2] A portion of that language was brought to the attention of the court members by the trial counsel, as follows:

TC: Yes, I do. I have here something I'd like to read. It has been admitted into evidence as Prosecution Exhibit 3. It's a statement that was signed by the accused and the defense counsel on 30 December 1977. It is a Request for a Discharge for the Good of the Service. And in it there are a number of statements. What the government thinks is most important is to show a lack of intent of the accused. A desire for him not to stay in the service, but to get out. And I will quote the language. 'Moreover, I hereby state that under no circumstances do I desire further rehabilitation for I have no desire to perform further

military service.' That is a quote from this document signed by the accused. Thank you.

Confronted with this rebuttal evidence, appellant requested a recess, conferred with his detailed counsel, and then made the following supplemental unsworn statement to the court:

ACC: Jury, that Chapter 10 Request, I did sign it. And I regret that I did sign it. I was scared at the time when I had signed the request. I do sincerely want to serve out my enlistment—the rest of my enlistment. So, you know, like that's all I can say.

The document was also a subject of the sentencing argument of the trial counsel, who said:

He [the appellant] said he signed his Chapter 10 Request or he said he didn't want to be rehabilitated and he wanted out of the Army because he was scared the day he signed it. After seeing defense counsel and talking about it he was still scared. We're not saying that the Chapter 10 is the biggest thing. It's just one indication of the accused's intent and his desire to stay in. His signature.

The issue before us is whether the Request for Discharge was properly received into evidence. This entails a review of an opinion of this Court, *United States v. Brassell and Pinkney*, 47 C.M.R. 305 (A.C.M.R. 1973), which was affirmed, by the Court of Military Appeals in *United States v. Pinkney*, 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974). The facts in *Pinkney* differ somewhat from those of the instant case. In both instances, sentencing proceedings were before a court-martial with members. In *Pinkney*, however, the accused testified under oath about his family background and other matters. He made no reference during this testimony to his attitudes about military service or any type of discharge therefrom. On cross-examination, the trial counsel questioned the accused as to why he

2. Since 14 December 1973, paragraph 10–3a, Army Regulation 635–200 has provided as follows: "A request for discharge for the good of the Service will be submitted in the format shown in figure 10–1." For the same period of time, figure 10–1 of this regulation has contained a sentence which reads: "Moreover, I hereby state that under no circumstances do I desire further rehabilitation, for I have no desire to perform further military service."

had "put in for a Chapter 10." Thereafter, in his argument on sentence, the trial counsel again referred to the fact that the accused had submitted the "Chapter 10." He stated that the accused didn't care whether or not he stayed in the Army and was willing to accept an undesirable discharge.[3] Pinkney's trial defense counsel objected neither to the cross-examination of his client concerning the application for discharge nor to the trial counsel's argument on sentence. Upon appellate review, this Court found error and likened the use at trial of the "Chapter 10" request to informing a court-martial about a pretrial agreement, or a confession made in connection with a former attempt to plead guilty, or of disclosing the attitude of the convening authority regarding the seriousness of a case.[4] In affirming, the Court of Military Appeals restated the policy reasons which argue against the use for impeachment or rebuttal purposes of pretrial matters designed to facilitate meaningful negotiations between the accused and the court-martial convening authority regarding the disposition of pending criminal charges:

> We agree that '[a] rule which attaches the possibility of future detriments to an accused's entering into negotiations about the disposition of charges is not a good rule for administering criminal law.' An accused and his defense counsel who search out administrative alternatives to trial for the disposition of criminal charges, or who bargain in good faith about concessions in return for a plea of guilty, should be assured that their pretrial legal maneuvers will not later be used against the accused for any purpose. So long as military law makes provisions for plea bargaining and discharges in lieu

of court-martial, the legitimate use by the defense of these parts of military law providing alternatives to trial is antithetical to any attempt by the prosecution to turn their use against the accused.[5]

Whether or not facts might arise requiring that the Government, in fairness, be allowed to use at trial a previous application for discharge, we need not determine. Suffice it to say, we have no such facts here. It was error to permit introduction of appellant's earlier Request for Discharge for the Good of the Service in purported rebuttal of defense statements at trial that appellant now wanted to complete his enlistment.[6]

The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Senior Judge FULTON and Judge TALIAFERRO concur.

---

3. *United States v. Brassell*, 47 C.M.R. 305, 306 (ACMR 1973), *affirmed sub nom., United States v. Pinkney*, 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974). The term "undesirable discharge" is no longer appropriate in this context. Presently, the categories of administrative discharge certificates are as specified in n. 1, above. Paragraph 10–8, Army Regulation 635–200 (21 November 1977).

4. *Id.* at 307.

5. *United States v. Pinkney*, 22 U.S.C.M.A. 595, 597, 48 C.M.R. 219, 221 (1974).

6. Parenthetically, we note that the circumstances under which such a request is submitted may also militate against its subsequent use at trial. For example, appellant's Request for Discharge for the Good of the Service was dated the day following his return to military control and the same day that charges were preferred. The five weeks that elapsed prior to trial may have permitted more sober reflection.