UNITED STATES

v.

Airman Luis A. MORALES, FR 053–56– 7675 United States Air Force.

ACM S25827.

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 Aug. 1982.

Decided 6 May 1983.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain John V. Sullivan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

Before a special court-martial consisting of members, the accused was convicted, contrary to his pleas, of possession of marihuana. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $367.00 per month for four months and reduction to airman basic.

Although the accused assigns four errors for our consideration on appeal, we have determined that only two of these merit our discussion. The first is, the military judge failed to properly instruct the court as required by Article 51(c)(3), Uniform Code of Military Justice, 10 U.S.C. § 851(c)(3).[1] We agree.

---

1. Article 51, U.C.M.J. Voting and rulings

(c) Before a vote is taken on the findings, the military judge or the president of a court-martial without a military judge shall, in the presence of the accused and counsel, instruct the members of the court as to the elements of the offense and charge them—

(1) that the accused must be presumed to be innocent until his guilt is established by legal and competent evidence beyond reasonable doubt;

(2) that in the case being considered, if there is a reasonable doubt as to the guilt of the accused, the doubt must be resolved in favor of the accused and he must be acquitted;

(3) *that, if there is a reasonable doubt as to the degree of guilt, the finding must be in a lower degree as to which there is no reasonable doubt;* and

(4) that the burden of proof to establish the guilt of the accused beyond reasonable doubt is upon the United States. (emphasis added)

After both sides had rested on the merits, the military judge called an Article 39(a), 10 U.S.C. § 839(a) session in order to discuss proposed instructions with counsel. At such meeting, the judge announced that he had determined that there were no lesser included offenses to the charges before the court, and, therefore, following what has apparently become standard practice [2], would not give the third of the so-called "statutory charges" as required by Article 51(c). Neither counsel objected, and, as a result, the judge instructed the court in that manner.

In order to fully understand the issues raised, a recital of the pertinent facts is necessary. The accused was charged with six offenses, alleging transfer, use and possession of marihuana. He was convicted of only one of these offenses (possession of 21 grams of marihuana); therefore our discussion of the facts will be limited to the facts of that one offense.

The accused's first sergeant was informed that the smell of marihuana was emanating from the accused's room in the barracks. He investigated and concluded that, indeed, there was such a smell in the area of the accused's room. He notified the security police and a drug detection dog was dispatched to the barracks. The dog alerted on the door to the accused's room and, on that basis, an authority to search was obtained. In the ensuing search, no illegal drug was found in the room; however, after departing the room, the dog alerted on an area under a window in the hallway, near the room. There, two baggies of marihuana, totalling 21 grams, were discovered. The accused's fingerprint was found on one of the baggies. The only other pertinent evidence was the testimony of the first sergeant that he had observed the accused standing near the window in question approximately 15 minutes prior to the discovery.

On these facts, and based on his stated determination that there were no lesser included offenses, the military judge did not give the third charge enumerated in Article

51(c)(3). We find that this failure constituted error.

The third charge refers to "degree of guilt," and requires the court to convict an accused of the degree of guilt as to which there is no reasonable doubt. The military judge equated the term *degree* with *lesser included offense*. This is where he erred. "Degree" as used in Article 51(c) encompasses more than just lesser included offenses. *United States v. Gray,* 37 C.M.R. 957 (A.F.B.R.1967). Degree of guilt also entails factual determinations which have an operative effect on the permissible sentence. *United States v. Bryant,* 12 C.M.R. 833 (A.F.B.R.1953); *United States v. Brown,* 13 C.M.R. 661 (A.F.B.R.1953).

Nowhere in the Code or in M.C.M., 1969 (Rev.), para. 73*b,* the Manual implementation of the Code, is this mandatory provision either circumscribed or found to be unnecessary. *See generally, United States v. Wiedemann,* 36 C.M.R. 521 (C.M.A. 1966). Although it would appear logical to omit this part of the charge where there are no possible lesser degrees of guilt, we have been unable to locate any authority for excusing the military judge from giving what appears to be a statutorily mandated instruction. Having concluded that the military judge erred in not giving the statutory instruction in question, we test for prejudice.

Here there was no doubt that the court believed that the accused possessed marihuana. The only real question appears to be, how much marihuana did he possess? It is very possible that the court could have been convinced that the accused possessed the one baggie with the fingerprint and yet not have been convinced that the Government had proved beyond a reasonable doubt that he possessed both baggies. Without the third statutory charge the court could have been misled and their findings could be inconsistent with their factual determination. To assure that the accused is not prejudiced thereby, we will approve only a

2. See Department of the Army Pamphlet 27–9, Military Judges' Benchbook, para. 2–29.

finding. that the accused possessed some marihuana.

■ The second assignment of error we will discuss is that the court erroneously considered in their sentencing deliberations a punishment under Article 15, U.C.M.J., which was over two years old. The Government concedes that this was error. This Court has held that considering an outdated nonjudicial punishment constitutes plain error under Mil.R.Evid. 103(d); however, such error can be cured by reassessing the sentence. *United States v. Yarbrough,* 15 M.J. 569 (A.F.C.M.R.1982). Finding error, we will reassess the sentence.

We have reviewed the remaining assignments of error and have resolved them adversely to the accused. Consistent with the above, only so much of the findings as finds the accused guilty of possessing some marihuana is approved. We have reassessed the sentence and find appropriate only so much thereof as provides for a bad conduct discharge, confinement at hard labor for four months and reduction to airman basic.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.