**UNITED STATES**

**v.**

**Sergeant Theron G. BENNETT, FR 463–11–9742, United States Air Force.**

**ACM S28096.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 April 1989.

Decided 26 July 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Captain Mark R. Land and Captain Iris I.M. Kirschner, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

**PER CURIAM:**

The appellant was convicted by a military judge sitting alone as a special court-martial of wrongfully using marijuana in violation of Article 112a, UCMJ, 10 U.S.C.

**986**

§ 912a. He was sentenced to a bad conduct discharge, confinement for three months, and reduction to airman basic. During the presentencing portion of his trial, the Government, without objection, introduced the appellant's airman performance reports and the contents of an unfavorable information file. Also introduced were three letters of reprimand (one for driving a vehicle while drunk and two for failing to make satisfactory weight control progress) and notification of a demotion action under Air Force Regulation 39–30 for unsatisfactory progress on the weight management program. These documents were also admitted without defense objection. *See* Air Force Regulation (AFR) 111–1, *Military Justice Guide*, para. 13–4b (30 September 1988).

The defense introduced evidence of a petition for bankruptcy by the appellant. It formed part of the defense mitigation effort to limit adjudged forfeitures. The appellant's first sergeant had also touched briefly on these matter during the Government's case on sentencing. Indebtedness problems were mentioned in one of the appellant's performance reports as well. In final argument, the trial counsel opined that: "I just don't consider filing for bankruptcy taking care of your finances." Responding to that portion of the prosecution sentencing argument, the military judge commented that bankruptcy was a legitimate option available to the appellant. He was correct.

■■■ It is clear that a member of the military can file a voluntary petition in bankruptcy. *See United States v. Swanson*, 9 U.S.C.M.A. 711, 26 C.M.R. 491 (1958). The military judge is presumed to know and apply the law properly. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227, 231 (C.M.A.1970); *United States v. Gudel*, 17 M.J. 1075, 1077 (A.F.C.M.R.1984), *pet. denied*, 19 M.J. 93 (1984). In light of the military judge's cautionary comment as to bankruptcy being a permissible path for the appellant, we believe the judge understood the situation here and applied the law correctly.

The findings of guilty and the sentence are correct in law and fact and, upon review of the entire record, are .

AFFIRMED.

KASTL, Senior Judge (concurring):

What matters are relevant and admissible during the presentencing phase of an Air Force court-martial, given the new, expansive language of AFR 111–1? This court-martial, decided under the amended regulation, provides an opportunity to review several useful lessons from similar situations in the past.

Expansion of AFR 111–1

The presentencing materials in this case (letters of reprimand and notification of a demotion action) were admitted under paragraph 13–4 of AFR 111–1, *Military Justice Guide* (30 September 1988). That authority permits admission of "all those records made or maintained in accordance with DAF directives that reflect the past military efficiency, conduct, performance, and history of the accused, as well as any evidence of disciplinary actions...." Other subsections of paragraph 13–4 provide that relevant materials in a commander's or supervisor's Assigned Personnel Information File may be admitted if the accused has both received a copy of pertinent correspondence and had an opportunity to respond.

Refining his tactics to take advantage of the new AFR 111–1 provision, trial counsel's closing argument ranged far beyond the conviction for marijuana use and provided virtually a saga of the appellant's career misconduct. In recommending a suggested punishment, the prosecutor noted that:

[N]ot only does he abuse drugs, but he drives drunk. Not only is he a drug abuser and a drunk driver, Your Honor, but he has shown absolutely no motivation at all to conform to the Air Force weight standards ... he also has a Letter of Reprimand for failure to go ... [one] who decides to smoke marijuana; a drunk driver; a man who has consistently failed to conform to our standards on the Weight Management Program....

### Changing Sentencing Practices; A Caveat

Historically, the sentencing portion of a court-martial was "the defense counsel's show." Gaydos, *A Prosecutorial Guide to Court–Martial Sentencing*, 114 Mil.L.Rev. 1 (Fall 1986). *See also* Moyer, *Justice and the Military* Sec. 2–657. For example, some 20 years ago, personnel records reflecting past conduct and performance were inadmissible during sentencing. *See United States v. Montgomery*, 20 U.S.C. M.A. 35, 42 C.M.R. 227 (1970). In the past few years, the system has become far more adversarial in nature—and far more challenging to the prosecution. Gaydos at 2. For a brief history of sentencing rules through the years see Vowell, *To Determine an Appropriate Sentence: Sentencing in the Military Justice System*, 114 Mil.L.Rev. 87, 174–181 (Fall 1986) and Morris, *Rehabilitative Potential of the Accused*, The Advocate, Vol. 16, No. 2 (March 1984) 75.

The expanded AFR 111–1, permitting far more elbow room to the prosecution, will probably herald much experimentation; this is what occurred after the 1969 and 1984 Manuals for Courts–Martial or new Air Force regulations enlarged the prosecution warchest. A review of some of the wisdom gained from those eras might save needless appellate litigation.

In the first place, paragraph 13–4 permits *relevant* Personnel Information File material. This is not an "open sesame" for all sorts of otherwise-inadmissible data to be smuggled before the sentencing authority. *See, e.g., United States v. Dodds*, 11 M.J. 520, 522 n. 3 (A.F.C.M.R.1981). In the present case it appears that several of the documents in the appellant's Personnel Information File were admitted into evidence even though he did not have an opportunity to respond. *See* AFR 111–1 paragraph 13–4b(1)(6)(2). There was no defense objection, however. *See United States v. Bush*, 12 M.J. 647, 648 (A.F.C.M.R.1981), *pet. denied*, 13 M.J. 39.

Second, practitioners must remember that the rules have changed a great deal through the past two decades. According-

ly, precedents must be examined to see if they are "time sensitive," amplifying a specific provision of the then-current Manual for Courts–Martial or regulation, or if they remain universally valid today. *See*, e.g., *United States v. Newbill*, 4 M.J. 541 (A.F. C.M.R.1977) (error to admit appellant's discharge case file) and *United States v. Hughes*, 6 M.J. 783 (A.C.M.R.1978) ("request for discharge for the good of the service" improperly admitted). Useful guidance can be found in Major Gaydos' article in the Military Law Review at pp. 27 to 48 and in "Sentencing: A Handbook for Air Force Trial Counsel" written in 1984 by Major Charles Ambrose.

Third, prosecutors and military judges must recognize that when they "live dangerously" *vis-a-vis* admissibility of questionable material, the ultimate appellate determination on whether the item was relevant may take months. Experience suggests that litigants—and commanders—are not generally interested in waiting overlong to know whether a sentence will be upheld. Moreover, appellate courts may find a given issue close and struggle mightily before reaching a final conclusion. For example, consider the interesting tug-of-war several years ago as to whether "over-aged" Article 15 punishments were properly admitted in various courts-martial under the then-current AFR 111–1. *See United States v. Yarbrough*, 15 M.J. 569 (A.F.C.M. R.1982) (it is plain error to admit "stale" Article 15s); *United States v. Bolden*, 16 M.J. 722, 726 (A.F.C.M.R.1983) (no it isn't); and *United States v. Morales*, 16 M.J. 503, 506 (A.F.C.M.R.1983), *pet. denied*, 16 M.J. 321 (oh, yes it is).

Finally, seasoned trial counsel probably will not press the outer limits of where no prosecutor has dared to go before by offering controversial evidence or expanded sentencing arguments until the dust settles a bit and the rules become more clear. In the present case, for example, the advocacy of trial counsel may strike some as a recorder's final summation rather than a court-martial argument; it is premised on the appellant's entire record and in effect characterizes him as a "bad airman." Will

such arguments be permitted over defense objection and without guidance to the voting members in the future? It appears too early to tell. But consider, for example, what has happened with the matter of the accused's mendacity in *United States v. Warren*, 13 M.J. 278 (C.M.A.1982) (guidance as to sentencing when accused lied during the findings portion of a trial). Suffice to say that there was no objection to the argument here and waiver would apply. *United States v. Kline*, 14 M.J. 64, 66 (C.M.A.1982). *See generally* R.C.M. 1001(b).

There is an Irish Nun's Prayer from the Seventeenth Century in which the author says: "Lord, thou knowest that I am growing older ... keep me from the fatal habit of thinking I must say something on every subject and on every occasion." Despite such good advice, I write separately—emphasizing that we have walked this way before on a path marked with sometimes-needless litigation as to appropriate sentencing matters. As we revisit the same subject, discretion, common sense, and reasonableness should be the touchstones in borderline cases, it seems to me.