UNITED STATES

v.

**Staff Sergeant Andrew L. KING, FR 465–78–4151, United States Air Force.**

**ACM S28060.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 31 Jan. 1989.

Decided 2 Aug. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Mark R. Land.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Major Terry M. Petrie.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

LEWIS, Senior Judge:

The appellant was found guilty, pursuant to his pleas, of wrongful use of cocaine. He was sentenced by members to a bad conduct discharge, hard labor without confinement for two months and reduction to airman basic. This sentence was approved by the special court-martial convening authority.

Over defense objection the military judge admitted for sentencing two letters of reprimand from the appellant's Assigned Personnel Information File. R.C.M. 1001(b). Among the cited grounds for the defense counsel's objection was that the appellant had not been advised that he had a right to respond when he was served with the documents. Appellate defense counsel have assigned the military judge's ruling as error. Appellate government counsel acknowledge that the admission of the letters of reprimand constituted error. We agree.

The Manual provides: "Under regulations of the Secretary concerned, trial counsel may obtain and introduce from the personnel records of the accused evidence of the accused's ... character of prior service." R.C.M. 1001(b)(2). In the Air Force, documents maintained in an accused's Personnel Information File may be received in evidence subject to specified conditions with which trial practitioners must become familiar. The disposition of this issue is controlled by guidance promulgated in Air

Force Regulation 111–1, *Military Justice Guide,* para. 13–4b(1)(b)2 (30 September 1988). The directive provides, in pertinent part: "Relevant material contained in an accused's commander's or supervisor's Assigned Personnel Information File may be admitted if: ... There is some evidence on the document or attached thereto that: ... The accused had an opportunity to respond to the allegation." While the documents in question reflect that the appellant acknowledged by signature his receipt and understanding of the contents, there is no evidence on or attached to the documents that he was provided an opportunity to respond. The military judge's ruling admitting the two letters of reprimand was error.

■ We shall test the error for prejudice. There are various matters reflected in the record which we must consider in this context. The trial counsel made reference to the letters of reprimand, in addition to a properly admitted letter of reprimand from the appellant's Unfavorable Information File, in the direct examination of a prosecution witness on rehabilitative potential. R.C.M. 1001(b)(5). He also alluded to the two documents in the cross-examination of a defense witness who provided a favorable opinion on the appellant's rehabilitation potential. Notwithstanding these references, we are satisfied that the trial counsel did not utilize the erroneously admitted exhibits to launch a proceeding in the nature of an administrative discharge hearing. *United States v. Ohrt,* 28 M.J. 301, 305 (C.M.A.1989). The sentencing arguments by both counsel were commendably concentrated on the question of the imposition of an appropriate sentence for a noncommissioned officer who had wrongfully used cocaine. However, the military judge referred to the two letters of reprimand in tailored instructions to the members on specific matters they should consider in their sentence deliberations. *United States v. Wheeler,* 17 U.S.C.M.A. 274, 38 C.M.R. 72 (1967).

While the military judge's tailored sentencing instruction compounded the error in the admission of the letters of reprimand, this portion of the instructions also included reference to numerous favorable extenuation and mitigation factors. Based on our review of the entire sentencing case, we are convinced that the members' consideration of the reprimands did not materially prejudice the substantial rights of the accused. Article 59(a), UCMJ, 10 U.S.C. § 859(a). The letters of reprimand were for minor derelictions, the most recent of which occurred two and a half years prior to trial. Without question, the offense of which the appellant stands convicted, wrongful use of cocaine, is serious. The adjudged sentence is appropriate. No modification to the sentence is required.

We have reviewed the record of trial, the assignment of errors and the reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. *United States v. Wheatcraft,* 23 M.J. 687, 689 (A.F.C.M.R.1986), *pet. denied,* 24 M.J. 54 (C.M.A.1987); R.C.M. 813(a)(4). Accordingly, the findings of guilty and sentence are

AFFIRMED.

Judge BLOMMERS and Senior Judge KASTL concur.