**UNITED STATES**

v.

**Airman First Class Wayne D. SMITH, FR 289–80–1477, United States Air Force.**

**ACM 27870.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 26 May 1989.

Decided 13 Oct. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Captain David G. Nix and Major Anne L. Burman.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

BLOMMERS, Senior Judge.

The matter we face deals with interpretation of a provision contained in a recent change to the regulation governing military justice procedures in the Air Force.

Specifically, it concerns the admissibility of evidence from an accused's personnel records during the presentencing portion of a trial.

In this regard, previous editions of Air Force Regulation 111–1, *Military Justice Guide* [hereinafter referred to as AFR 111–1], provided:

> During the presentencing proceedings, personnel records, or copies or summaries thereof, reflecting an accused's past conduct and performance and maintained according to DAF [Department of the Air Force] directives may be admitted in evidence. Such records are limited to those maintained by the Consolidated Base Personnel Office (CBPO) and to those records of punishment under Article 15, UCMJ, imposed before sentence and not more than 2 years before the commission of any offense of which the accused stands convicted.

AFR 111–1, para. 5–4 (1 August 1984).[1] In 1988, this provision was expanded to incorporate almost all personnel records, wherever they are maintained:

> During presentencing proceedings, trial or defense counsel, in his or her discretion, may move for admission under R.C.M. 1001(b) *and (d)* of any personnel records or copies or summaries thereof, reflecting background information on the accused's marital status and number of dependents, if any, and character of prior service. "Personnel records of the accused" include all those records made or maintained in accordance with DAF directives that reflect the past military efficiency, conduct, performance and history of the accused, as well as any evidence of disciplinary actions, including punishment under Article 15.

AFR 111–1, para. 13–4b (30 September 1988) (emphasis added). However, there were limitations placed on the admissibility of some of these records. Pertinent to our inquiry, paragraph 13–4b of the regulation continues:

In addition to the limitations imposed by the Rules for Court–Martial, the following limitations apply to personnel records admitted under this paragraph:

(1) Relevant material contained in an accused's commander's or supervisor's Assigned Personnel Information File may be admitted *if:*

(a) A copy of the document to be admitted has been provided opposing counsel (or the accused) prior to trial; and

(b) There is *some evidence* on the document or attached thereto that:

*1.* The accused received a copy of the correspondence ...; and

*2. The accused had the opportunity to respond to the allegation.*

*Id.* (Emphasis added.)

After initial review, the following issues were specified in this case:

## I

DID THE MILITARY JUDGE ERR IN ADMITTING, AS REBUTTAL, A LETTER OF REPRIMAND FROM THE APPELLANT'S PERSONNEL INFORMATION FILE WHERE THERE WAS NO EVIDENCE THAT THE APPELLANT HAD AN OPPORTUNITY TO RESPOND TO THE ALLEGATION THEREIN?

## II

IF THE ADMISSION OF THE LETTER OF REPRIMAND WAS ERROR, WAS THE APPELLANT PREJUDICED?

During presentencing, the defense presented several documentary exhibits supporting the proposition that, during his brief military career (he had one year and nine months service at time of trial), the appellant had an excellent duty performance record. Included was a character letter from one of his supervisors indicating the appellant was "an outstanding individual when it comes to getting the job done." The letter also stated: "I have found A1C

---

**1.** The two most commonly used records maintained by the CBPO are performance reports and unfavorable information file entries. *See, e.g.,* AFR 35–32, *Unfavorable Information Files,*

*Control Rosters, Administrative Reprimands and Admonitions* (February 1982); AFR 39–62, *The Enlisted Evaluation System (EES)* (May 1989).

Smith to present an excellent military image on every occasion (i.e., Honor Guard)." Additionally, the appellant's initial annual performance report contained the highest possible rating in all categories, including military bearing and behavior. In rebuttal, trial counsel offered a letter of reprimand the appellant had received shortly before trial for having a mustache that did not comply with Air Force dress and appearance standards. The letter indicated the appellant could have a copy thereof for his own records; and he acknowledged receipt by endorsement. However, nowhere on the document or attached thereto was there an indication that he had been afforded "the opportunity to respond to the allegation."

Defense counsel objected to its admissibility on that basis. Trial counsel countered that if it was the sentencing case in chief, he would readily agree with the defense, but that it was being offered to rebut matters raised by the defense. He argued that the provisions of paragraph 13–4b did not apply to rebuttal evidence. The military judge ruled the letter of reprimand was appropriate rebuttal and admitted it.

■ We fully agree with appellate government counsel that the subject matter of the evidence in question was relevant rebuttal evidence, and that military case law would support its admissibility. *See, e.g., United States v. Strong,* 17 M.J. 263 (C.M.A.1984); *United States v. Cleveland,* 27 M.J. 530 (A.F.C.M.R.1988). However, as noted above, the provisions of paragraph 13–4b of the current AFR 111–1 apply not only to presentencing matters to be presented by the prosecution (R.C.M.

1001(b)), but also to matters offered in rebuttal (R.C.M. 1001(d)). Therefore, evidence from "personnel records of the accused" offered in rebuttal must likewise comply with the limiting conditions for admissibility set forth in the regulation. *See generally United States v. Russo,* 1 M.J. 134 (C.M.A.1975); *United States v. Saulter,* 23 M.J. 626 (A.F.C.M.R.1986).[2]

■ The record does not reflect the origin of the document in question; it should have, so that issues like this can be more easily resolved during appellate review. There are only two places such records can be officially maintained—in unit files, or in an Unfavorable Information File (UIF) established as part of a member's official personnel records maintained at the CBPO. *See* AFR 35–32, *supra;* AFR 35–44, *Military Personnel Records System,* Chapter 4 (21 September 1987).[3] We will presume that a document, such as the one in issue, was maintained in a unit personnel information file absent evidence to the contrary. Therefore, to be admissible in the face of a defense objection, the evidence of record has to establish that the appellant "had the opportunity to respond to the allegation." It does not. Admission of the document constitutes error.

■ As to the second specified issue, the government makes a persuasive argument that the error was nonprejudicial. After its admission, trial counsel made no further reference to it during the remainder of the trial. His sentencing argument focused on the seriousness of the offenses at hand. The appellant stands convicted of wrongful use of cocaine and conspiracy to distribute cocaine. The conspiracy charge arose from

---

2. Some might argue the approach we are taking is a matter of form over substance, since there is an alternative means by which the prosecution could have placed this evidence into the record; simply call the officer who imposed the reprimand or anyone else who had knowledge of the appellant's grooming transgression to testify about it. In light of existing case law we are not sure why the regulation's drafters decided to include matters submitted in rebuttal within this provision. However, as Judge Murdock pointed out in *Saulter,* "we are bound to apply the law as we find it, including the impact of

service-level regulations where they apply." *United States v. Saulter,* 23 M.J. at 627.

3. Before a document may be placed in a UIF, a member must be notified of the commander's intent to so file the document and given the opportunity to respond. AFR 35–32, para. 4 and Table 2. The notification can be accomplished by including it in the document itself or by use of AF Form 1058, *Unfavorable Information Action Under AFR 35–32* (January 1986). In either case, the notification becomes part of the file. AFR 35–32, Table 3.

a plan hatched by another airman and a Panamanian, in which the appellant subsequently joined, to go into the cocaine distribution business for profit. The misconduct leading to the reprimand was minor and the appellant's military record was otherwise quite commendable, except of course for the offenses which led to this trial. The maximum punishment impossible included a dishonorable discharge and twenty years confinement. We believe it highly unlikely that the reprimand had any influence on the military judge's sentencing determination. However, to preclude any possibility that it did, we will reassess the sentence.

The findings are correct in law and fact. MCM, Part IV, paras. 5b(2) and 5c(4) (1984). Reassessing the sentence, we find appropriate and approve only so much thereof as provides for a bad conduct discharge, confinement for 17 months, forfeiture of $450.00 pay per month for 17 months, and reduction to airman basic. Accordingly, the findings and sentence, as modified, are

AFFIRMED.

Senior Judge KASTL and Judge MURDOCK concur.