**UNITED STATES**

v.

**Airman First Class Michael J. DONOHUE, FR 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, United States Air Force.**

**ACM 28220.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 Oct. 1989.

Decided 22 March 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair; Major Lynne H. Wetzell and Major G. Michael Lennon, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Colonel Robert E. Giovagnoni.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

### DECISION

KASTL, Senior Judge:

■ During presentencing proceedings, it is clear that the prosecution may now offer relevant material from the commander's or supervisor's Personnel Information File (PIF). *See* Air Force Regulation 111–1, *Military Justice Guide*, paragraph 13–4b(1) (30 September 1988). The regulation provides that relevant material is admissible if:

(b) There is some evidence *on the document or attached thereto* that:

*1.* The accused received a copy of the correspondence ...; and

*2.* The accused had the opportunity to respond to the allegation.

(Emphasis added).

The issue before us is this: If the document itself is silent *vis-a-vis* an opportunity to respond, may the prosecution meet the requirement with live testimony from a supervisor indicating the appellant indeed was offered the right to reply?

The short answer is no. The Air Force wrote the regulation, and the Air Force may revise the regulation. But in the meantime, the Air Force is "stuck" with the regulation, and it means what it says: the document (or its attachment) must show the appellant's opportunity to respond. *See United States v. Smith,* 29

M.J. 736, 739 (A.F.C.M.R.1989); *United States v. King*, 29 M.J. 535, 536 (A.F.C.M.R.1989); *see also United States v. Bennett*, 28 M.J. 985, 987 (Kastl, S.J., concurring). *See generally United States v. Fontenot*, 29 M.J. 244 (C.M.A.1989). If an individual refuses to acknowledge he was afforded the opportunity to respond, we believe the counselor may make an appropriate entry on the document or an attachment which will satisfy the requirements of the regulation, thus making the document admissible in that situation. *See United States v. Anderson*, 12 M.J. 527, 529 (N.M. C.M.R.1981); *see generally United States v. Boles*, 11 M.J. 195, 205 n. 4 (C.M.A.1981) (Cook, J., dissenting).

■ Here, the defense vigorously objected to the document; this preserves the issue. *See United States v. Smith*, 29 M.J. at 739.

■ The sentence of the court-martial was a bad conduct discharge, confinement for six months, and accessory penalties. The excellent Staff Judge Advocate's Recommendation found admission of the PIF data error, but harmless. The defense then mounted an effort to convince the convening authority, among other things, to reduce the sentence to four months. Counsel was persuasive, and the Addendum of the Staff Judge Advocate so recommended; the convening authority thereupon reduced the sentence to a bad conduct discharge, four months confinement, and accessory penalties.

As we read the Addendum, sentence reduction occurred strictly upon the basis of clemency, not the legal error of which the appellant now complains. Accordingly, out of an abundance of prudence, we will assume that there is the possibility of even greater sentence reduction grounded upon the complained-of error. Therefore, we will ourselves reassess the sentence.

■ Doing so, we are convinced that the error did not contribute in any way to an increase in sentence for this appellant. The adjudicated sentence is appropriate, and the approved sentence even more generous. This appellant wrongfully used methamphetamine, cocaine, and marijuana; the approved sentence is befitting the appellant and his offenses. *United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

The findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judge MURDOCK concurs.

BLOMMERS, Senior Judge (concurring in the result):

I foresee the possibility that situations could arise where a totally inelastic application of the provisions contained in paragraph 13–4b(1)(b) of AFR 111–1 would completely elevate form over substance. *Cf. United States v. Jette*, 25 M.J. 16 (C.M.A. 1987); *United States v. Dorsey*, 25 M.J. 728, 730 (A.F.C.M.R.1987) (Blommers, S.J. dissenting).