**UNITED STATES**

v.

**Sergeant Mario GADSON, FR 417–02–2395, United States Air Force.**

**ACM 28046.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 29 Aug. 1989.

Decided 30 March 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Michael D. Burt.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Major Terry M. Petrie; Captain James C. Sinwell and Major Scott W. Stucky, USAFR.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

BLOMMERS, Senior Judge:

Despite pleas of not guilty, the appellant stands convicted of two uses of cocaine, evidence thereof consisting of urinalysis results. Prior to instructions on sentencing, trial defense counsel requested that the military judge instruct the members on the deleterious effect a punitive discharge might have on "future employment benefits of the individual, Sergeant Gadson, being able to find future employment." The judge declined to do so, but advised counsel that the matter could certainly be argued. Defense counsel did raise the matter in argument. The instruction concerning punitive discharges given was very similar to that set forth in DA Pamphlet 27-9, *Military Judges' Benchbook*, paragraph 2-37, at 2-44 (May 1982).

Before us, the failure to give the requested instruction is raised as error. *See United States v. Soriano*, 20 M.J. 337, 341-343 (C.M.A.1985); *United States v. Berger*, 23 M.J. 612, 616 (A.F.C.M.R.1986). We find the military judge's handling of this matter to have been entirely proper. *United States v. Henderson*, 29 M.J. 221 (C.M.A.1989); *United States v. Maharajh*, 28 M.J. 797, 798-799 (A.F.C.M.R.1989) and cases cited. Even if we found that error had been committed, we would find it nonprejudicial. Article 59(a), UCMJ, 10 U.S.C. § 859(a); *Soriano*, 20 M.J. at 343; *United States v. Holt*, 28 M.J. 835, 836 (A.F.C.M.R. 1989); *United States v. Mayes*, 28 M.J. 748, 752-753 (A.F.C.M.R.1989).

In rebuttal to the defense sentencing evidence, trial counsel offered a package of material from the appellant's unit Personnel Information File that included: a Military Pay Order Action dated 3 December 1985 taken as a result of a delinquent NCO Club account; a Security Police Incident/Complaint Report (DD Form 1569) dated 1 January 1986 concerning the appellant's drunk and disorderly conduct in the barracks (the report noted that in 1984 the appellant had received a letter of reprimand for being drunk on station); a letter dated 22 January 1986 indicating the appellant was verbally reprimanded for having missed a medical appointment; a letter to the appellant dated 8 May 1986 notifying him that he would not be eligible for promotion during the next promotion cycle; a

Military Pay Order Action dated 31 July 1987 taken as a result of a delinquent NCO Club account; a letter of reprimand dated 25 August 1986 for failing to weigh-in as required; three notices of overdue payments on debts dated 26 August 1988, 27 September 1988, and 6 January 1989, respectively; and, a Memo for Record dated 24 May 1989 regarding the payment schedule for another overdue debt.[1] After these documents were admitted, trial counsel made no further reference to them.

 There was no defense objection to this material, and counsel for both sides assured the military judge they were satisfied that all applicable provisions of Air Force Regulation 111-1 had been complied with. Needless to say they had not. *See* AFR 111-1, *Military Justice Guide*, para. 13-4b(1)(b) (30 September 1988). The procedural requirements of that paragraph apply to documents offered during the prosecution's sentencing case-in-chief *as well as in rebuttal. United States v. Smith*, 29 M.J. 736 (A.F.C.M.R.1989). Field practitioners should consider the concerns expressed by Senior Judge Kastl in his concurring opinion in *United States v. Bennett*, 28 M.J. 985, 986-988 (A.F.C.M.R. 1989).[2] We wonder about the propriety of counsel, as officers of the court, offering into evidence documents that for admissibility purposes do not comply with the requirements of AFR 111-1.[3] *See United States v. DeYoung*, 27 M.J. 595, 599 n. 2 (A.C.M.R.1988), *aff'd*, 29 M.J. 78, 81 (C.M. A.1989). In any event, absent plain error, no issue has been preserved for appellate review. Mil.R.Evid. 103(a) and (d). We find no plain error present. *Cf. United States v. King*, 29 M.J. 535 (A.F.C.M.R. 1989).

[3] One other matter warrants comment. When the case was submitted to us for review, three prosecution exhibits were missing from the record. A certificate of correction has been obtained and those exhibits are now included in the record. Our review of the pertinent directives leads us to conclude that exhibits introduced at trial are part of the "record of trial," not allied papers. R.C.M. 1103(b)(2)(D)(iv) and (b)(3); MCM, App. 14d at A14-5 (1984); AFR 111-1, paras. 14-9n and 14-16d. If exhibits are left out of the record, the record is "incomplete" and a certificate of correction will be required. R.C.M. 1104(d). Therefore, court reporters and trial counsel (R.C.M. 1103(i)(1)(A)) should insure that all exhibits are included in records of trial *before* they are submitted to the military judge for authentication. Remember, *"with the permission of the military judge*, copies, photographs, or descriptions of any exhibits which were received in evidence" may be substituted for the exhibit itself in appropriate cases. R.C.M. 1103(b)(2)(D)(iv); AFR 111-1, para. 14-9n. (Emphasis added.)

The findings of guilty and the sentence are correct in law and fact and, upon the basis of the entire record, are

AFFIRMED.

Senior Judge KASTL and Judge MURDOCK concur.

---

1. We find it perplexing that during the entire time when these derogatory documents were accumulating the appellant received the absolute top ratings in all areas of his performance reports, including strong endorsements recommending his promotion to Staff Sergeant. We will not speculate as to how the court members may have evaluated this seemingly inconsistent evidence.

2. The United States Court of Military Appeals affirmed this Court's decision in *Bennett*, adopting the reasoning of both the majority and concurring opinions. *United States v. Bennett*, 29 M.J. 354 (C.M.A.1989) (Sum.Disp.).

3. We recognize that this case was tried in August 1989, some two months before the decision in *Smith* was released. However, the regulatory prerequisites for admissibility of documents from a servicemember's unit Personnel Information File have been the same since AFR 111-1 was last revised in September 1988.