**UNITED STATES**

v.

**Technical Sergeant Lawrence DUDLEY, FR224–86–9638 United States Air Force.**

**ACM S28569.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 July 1991.

Decided 17 Jan. 1992.

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens, Lieutenant Colonel G. Michael Lennon, and Captain Marc A. Fox.

Appellate Counsel for the United States: Lieutenant Colonel Brenda J. Hollis, Major Kingston E. Smith, and Captain James C. Sinwell.

Before LEONARD, RIVES and JAMES, Appellate Military Judges.

## OPINION OF THE COURT

LEONARD, Senior Judge:

Consistent with his pleas, appellant was convicted by special court-martial of wrongfully using marijuana. He was sentenced by officer members to be reduced in grade to E–1 and to be discharged with a bad-conduct discharge. On appeal he requests sentence relief, asserting that the military judge improperly admitted Prosecution Exhibit 4 for consideration on sentence.

Prosecution Exhibit 4 is a copy of a letter dated 7 October 1987 reprimanding appellant for using marijuana. When the exhibit was offered, attached were copies of two Air Force Forms 1058 (Unfavorable Information File (UIF) Action Under AFR 35–32), a reply by appellant to his commander, and a statement by another member. The original documents were maintained together in the appellant's unit Personnel Information File. The first AF Form 1058, dated 13 October 1987, placed the letter of reprimand in a UIF, and the second, dated 12 February 1988, removed the letter and closed the UIF. Over vigorous objection by the defense, the military judge admitted the letter of reprimand as Prosecution Exhibit 4. Upon defense request, the attendant documents were not admitted for review by the members, but were attached to the record as Appellate Exhibit V.

Appellant argues that the letter of reprimand, along with the attachments offered into evidence by the government, do not meet the Air Force regulatory requirement that they reflect his chance to re-

spond to the allegation. Since the letter itself does not contain an invitation to respond, we turn to the attached documents for the necessary proof. The specific issue before us is whether the opportunity to respond to a proposal to place a document in a UIF constitutes an opportunity to address allegations in the document. We hold that it does.

R.C.M. 1001(b)(2) authorizes the introduction of documentary evidence from an accused's personnel records when the documents comply with service regulations. Air Force Regulation 111-1, *Military Justice Guide,* paragraph 13-4b, Change 3 (9 March 1990) provides:

(1) Relevant material contained in an accused's commander's or supervisor's Assigned Personnel Information File may be admitted if:

\*    \*    \*    \*    \*    \*

(b) There is some evidence on the document or attached thereto that:

*1.* The accused received a copy of the correspondence (a document bearing the signature of the accused or a witnessed statement regarding the accused's refusal to sign, would meet this criterion); and

*2.* The accused had the opportunity to respond to the allegation.

As we have consistently done in the past, we will strictly enforce the administrative requirements in this case. *See United States v. Donohue,* 30 M.J. 734, 735 (A.F.C.M.R.1990); *United States v. Shepherd,* 30 M.J. 652, 655 (A.F.C.M.R.1990); *United States v. Smith,* 29 M.J. 736, 739 (A.F.C.M.R.1989); *United States v. King,* 29 M.J. 535, 536 (A.F.C.M.R.1989).

The AF Form 1058 initiating appellant's UIF entry contains the following statements in Block V:

1. I have received this notice on <u>13 Oct 87</u> . . . .

2. . . . . I <u>x</u> have _____ have not attached a statement or other documents for consideration in your final decision on this matter.

Although the appellant's signature does not appear on either the AF Form 1058 or the indorsement to the letter of reprimand, the letter bears a handwritten memo reflecting the accused's refusal to acknowledge receipt on 13 October 1987. The memo suffices to satisfy the notice requirement set forth in AFR 111-1, *supra.*

In *Shepherd,* we held that the comments block on a Record of Individual Counseling form fulfills the regulatory requirement to provide the accused an opportunity to respond to the subject of the counseling. 30 M.J. at 655. Similarly, the permissible election to respond on the AF Form 1058 creates a mechanism for an accused to address the substance of a proposed UIF entry, as well as the propriety of establishing or continuing to maintain a UIF. A strong rebuttal to any UIF action would be a denial that unfavorable conduct occurred or an explanation of circumstances which would diminish its severity. The language on the form clearly advises the accused of his right to respond and permits relevant discussion of any allegation of misconduct. In this case, appellant included in his response a letter to his commander in which he denied any wrongdoing. Hence, the documents bear ample evidence that the appellant was not only afforded the opportunity—but actually exercised the right—to respond to the allegation in the reprimand.\* AFR 111-1, *supra.*

Accordingly, the finding of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judge RIVES and Judge JAMES concur.

---

\* At the request of the defense, the members did not review the appellant's response or the form showing his opportunity to respond. This, however, does not violate the requirements of AFR 111-1, since they exist to ensure the veracity of evidence offered for admission and to guarantee that the accused was afforded administrative due process.