*681 OPINION OF THE COURT
HEIMBURG, Senior Judge:
The appellant was convicted, in accordance with his pleas, of using marijuana on divers occasions, possessing less than 2 grams of marijuana on a separate occasion, and possessing drug paraphernalia. A special court-martial sitting with members sentenced him to a bad-conduct discharge, confinement for 30 days and reduction to E-l. The convening authority approved the sentence as adjudged.
The appellant asserts the military judge erred by allowing his immediate supervisor to testify during the presentence hearing about specific instances of misconduct which were not otherwise admitted into evidence, and by admitting a letter of reprimand into evidence which was not made in accordance with Air Force regulations. We find error, but conclude that the appellant’s sentence was not influenced by it and affirm.
I. Facts
The appellant agreed to a stipulation of fact which shows he was assigned to his unit on 8 December 1992 and used marijuana from May 1993 until 7 December 1993. During this time he told co-workers of his marijuana use, and word reached the Air Force Office of Special Investigations (AFOSI). An agent of the AFOSI confronted the appellant on 11 December 1993. After proper advisement of rights, the appellant confessed to his drug use and consented to give a urine sample. Urinalysis tests on the sample were positive for the presence of the psychoactive ingredient of marijuana.
After his confession, AFOSI agents asked the appellant to become an informant. He agreed, and signed a declaration of agreement on 17 December 1993. Although he assisted in two undercover drug purchases, the appellant also failed to keep all the provisions of his agreement. He not only continued to use marijuana; he also assisted a friend of his wife to smoke marijuana by making a pipe for her out of aluminum foil. His wife’s grandmother turned him in to AFOSI.
The facts outlined above gave the prosecutor a lot of ammunition for sentencing argument, but he wanted more. During an out-of court hearing, he offered three records of counseling and a letter of reprimand administered by the appellant’s supervisor, Technical Sergeant Sullins. The military judge admitted the letter of reprimand over defense objection, but sustained objections to the three counseling records. The prosecutor then announced he intended to call Sergeant Sullins as a witness in sentencing, and defense counsel objected.
During the colloquy which ensued, the appellant’s counsel said, “The way I understand the rule is that he not be allowed to discuss any specific instance of misconduct, is that correct?” Asked to explain, the defense counsel said:
Sir, generically I’m referring to [R.C.M.] 1001. If Sergeant Sullins were to be offered ... for rehabilitation potential, the extent of his testimony can merely be that he has had — well, obviously the foundation that he has had opportunity to observe the accused and to have an opinion about his service and character and that he would— or believe that he does not have rehabilitation potential. Testimony under the Ohrt [United States v. Ohrt, 28 M.J. 301 (C.M.A 1989) ] case and its progeny about specific instances of misconduct, short of the defense opening that door on cross-examination are not allowed.
The defense counsel’s reference to Ohrt apparently distracted the military judge, who asked counsel whether the defense objected to Sergeant Sullins’ testimony on the basis that he did not have a proper foundation for an opinion concerning the appellant’s rehabilitation potential. The judge expressed the opinion that Sergeant Sullins could express his opinion under Ohrt, after proper foundation was laid. Then the defense counsel asked:
DC: Is it your understanding or your opinion then that post-0/irí, that were a witness to give that testimony, to say that an accused had no rehabilitation potential that in the course of that testimony would he be able to say because on such and such a date he was late for work or on *682 such and such a date he was — his 35-10 was bad?
MJ: I think that’s probably about the only circumstance under which he can express an opinion as to rehab potential, that he has to have some direct observation and basis for forming such an opinion.
DC: And that he can actually testify, not that he has that or not that he has seen that, that generically he has observed the accused and has supervised the accused, or whatever, but that in addition to that — I mean that he could go into the specific acts, that he could testify regarding the specific acts?
MJ: Sure. Yes.
DC: Well, my understanding is that that’s not the case and that would be the basis for my objection. Obviously it would be overruled.
The defense counsel was prescient; his objection was overruled. Sergeant Sullins testified about his observations of the appellant’s duty performance, that he gave him a poor performance appraisal, and that he did not recommend him for promotion. The military judge did not permit the prosecutor to introduce the three counseling records themselves, but he permitted Sergeant Sullins to testify about specific acts of misconduct for which he counseled the appellant. In addition, Sergeant Sullins testified that there were other verbal counselings for uniform and haircut violations. Significantly, Sergeant Sullins was never asked his opinion of the appellant’s rehabilitation potential, and he did not express it.
II. The Testimony
Much of the confusion on the record in this case stems from a misunderstanding of R.C.M. 1001(b)(5), which states:
(5) Evidence of rehabilitation potential The trial counsel may present, by testimony or oral deposition in accordance with R.C.M. 702(g)(1), evidence, in the form of opinions concerning the accused’s previous performance as a servicemember and potential for rehabilitation. On cross-examination, inquiry is allowable into relevant and specific instances of conduct.
The trial participants seemed to assume that this Rule only covers opinions about rehabilitation potential, at issue in Ohrt. But R.C.M. 1001(b)(5) uses the term “rehabilitation potential” to include “opinions concerning the accused’s previous performance as a servicemember” as well as “opinions concerning the accused’s ... potential for rehabilitation.” Sergeant Sullins testified only about the appellant’s duty performance.
The military judge appears to have focused on the necessity for an adequate foundation for expression of an opinion about rehabilitation potential. That is the clear teaching of Ohrt. But the limitations against mention of specific instances of conduct, except on cross-examination, apply to all opinions given under R.C.M. 1001(b)(5), not just to opinions about rehabilitation potential. See United States v. Wingart, 27 M.J. 128, 136 (C.M.A.1988); United States v. Clarke, 29 M.J. 582, 584-85 (A.F.C.M.R.1989), pet. denied, 31 M.J. 433 (C.M.A.1990). We conclude the military judge erred in permitting Sergeant Sullins to testify about specific instances in which he counseled the appellant for misconduct.
The government asserts that the appellant failed to object at trial, and thus waived any objection. The appellant objected during an out-of-court session conducted pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a) (1988), as shown above. His objection stated the specific grounds for his belief that Sergeant Sullins should not be permitted to testify about specific instances of misconduct. When a counsel objects to testimony in an out-of-court session, but obtains an unconditional, unfavorable ruling from the military judge, that attorney does not have to repeat the objection during the in-court testimony of the witness to preserve it. R.C.M. 801(e)(1)(A), 906(b)(13). See United States v. Gamble, 27 M.J. 298, 307-08 (C.M.A.1988); Mil.R.Evid. 103(a)(1).
III. The Reprimand
The appellant asserts the military judge erred in admitting the reprimand because it was not prepared in accordance with instructions in Air Force Regulation (AFR) 35-32, The Air Force Unfavorable Information File, ¶ 25 (11 May 1990). He asserts that R.C.M. 1001(b)(2) requires that a repri *683 mand comply with AFR 35-32 before it may be admitted. We disagree.
R.C.M. 1001(b)(2) permits the introduction in the presentence hearing of personnel records “made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused.” The military judge ruled that the reprimand, Prosecution Exhibit 11, was maintained in accordance with Air Force Regulation 111-1, Military Justice Guide, ¶ 13-4b(1) (March 1990). The military judge was correct that AFR 111-1, not AFR 35-32, controls. United States v. Edwards, 39 M.J. 528 (A.F.C.M.R.), pet. denied, 41 M.J. 122 (C.M.A.1994); United States v. Dudley, 34 M.J. 603 (A.F.C.M.R.1992); United States v. King, 29 M.J. 535 (A.F.C.M.R.), pet. denied, 29 M.J. 442 (C.M.A.1989). Moreover, the military judge was correct in his determination that Prosecution Exhibit 11 was admissible because it complied with AFR 111-1, ¶ 13-4.
IV. Reassessment of Sentence
Since we have found error, we must determine what impact, if any, the error had on the appellant’s sentence. United States v. Suzuki, 20 M.J. 248, 249 (C.M.A.1985). As we have already observed, there was considerable admissible evidence which put the appellant in an unfavorable position for sentencing. He engaged in a pattern of drug abuse and, when caught, flagrantly threw away a golden opportunity to redeem himself. Instead of attempting to salvage his Air Force career, he continued his illegal use of marijuana and assisted another in such use. The admissible testimony of Sergeant Sullins shows the appellant was, at best, an average worker. Finally, there is the letter of reprimand for driving his private vehicle without insurance and permitting an unlicensed driver to operate it.
The inadmissible testimony of Sergeant Sullins gave the details about two counseling situations. In the first, Sergeant Sullins had received a complaint from an apartment owner that the appellant left his apartment without paying for damages. Sergeant Sullins testified the appellant told him he had made arrangements to pay, called the landlord the same day, and seemed “aggravated” that the landlord called his unit. The second counseling Sergeant Sullins testified about occurred when the appellant switched duty shifts with another airman without first getting his permission. Sergeant Sullins testified that the appellant told him he tried to reach him, but failed, and went ahead with the switch. In addition to those incidents, Sergeant Sullins testified he had to counsel the appellant orally — “those were pretty numerous [AFR] 35-10 mostly, iron his uniform, shine his shoes, get a haircut.”
On the other hand, the defense at trial introduced statements from a former non-commissioned officer (NCO) and a lieutenant, both of whom had supervised the appellant’s work. They both stated the appellant was a hard worker with a good attitude who tried to do good work. They rated his performance as acceptable. The defense also introduced a statement from an NCO who taught the appellant a job-related course. This NCO was favorably impressed with the appellant’s interest in learning and “upbeat attitude.” Finally, the defense introduced a statement from the NCO who supervised the appellant after he was relieved from weather observation duties pending court-martial. This NCO said the appellant’s “motivation and willingness to work” were “exemplary.”
We have no trouble concluding that the appellant’s sentence was not affected by the erroneous introduction of the testimony of Sergeant Sullins about specific counseling incidents. Suzuki, 20 M.J. at 249. In the exercise of our statutory duty to evaluate the sentence, we conclude the approved sentence is not only what would have been adjudged absent the error, but that it is also appropriate. United States v. Peoples, 29 M.J. 426, 427-428 (C.M.A.1990); United States v. Hearly, 26 M.J. 394, 396 (C.M.A.1988); United States v. Sales, 22 M.J. 305 (C.M.A.1986); Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1988). Accordingly, the findings of guilty and the sentence, as reassessed, are
AFFIRMED.
Judges GAMBOA and SENANDER concur.