# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant MYRANDA I. DECKER
### United States Air Force

## ACM S32173

## 15 October 2014

Sentence adjudged 8 July 2013 by SPCM convened at Keesler Air Force Base, Mississippi.  Military Judge:  Ronald A. Gregory (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 45 days, fine of $600.00, and reduction to E-3.

Appellate Counsel for the Appellant:  Major Matthew T. King.

Appellate Counsel for the United States:  Major Roberto Ramírez and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

This opinion is subject to editorial correction before final release.

PER CURIAM:

The appellant was convicted, consistent with her pleas, by a military judge sitting as a special court-martial, of signing a false official statement, stealing a hunting camera from a fellow Airman, and, on divers occasions, stealing over $500.00 from her squadron's "snack fund," in violation of Articles 107 and 121, UCMJ, 10 U.S.C. §§ 907, 921.  The adjudged sentence consisted of a bad-conduct discharge, confinement for 45 days, hard labor without confinement for 45 days, a fine of $600.00, and reduction to E-3.  The convening authority approved the sentence as adjudged except for the hard labor without confinement.

On appeal, the appellant argues the military judge abused his discretion by admitting two prosecution exhibits regarding the appellant's disciplinary record. Finding no error materially prejudicial to the substantial rights of the appellant, we affirm.

*Background*

At the time of her court-martial, the appellant had been in the Air Force for over nine years and was serving as a technical school instructor at Keesler Air Force Base, Mississippi. From January to March 2013, the appellant took approximately $600.00 from her squadron's Snack and Fundraiser Fund. Although she was not the fund's custodian, she served as a building facility manager and therefore had keys that provided her access to the locked room where the money was kept. On multiple occasions, in the middle of the night, she would access the room and take $20–$50 in cash. On one of these occasions, she discovered a camera in the room that she believed was videotaping her larcenous activities. She took the camera from the room and, after a few days, delivered it to a local pawn shop, where it was sold before law enforcement could recover it.

In March 2013, the appellant went to the base clinic to be seen for a migraine headache. After giving her medicine, her doctor told the appellant that she could go home if her unit authorized it. Instead of requesting the day off from her unit, the appellant drafted a false Quarters Authorization form in order to stay home and recuperate.

The military judge conducted a providence inquiry and accepted the appellant's pleas of guilty. During the sentencing phase of the court-martial, the military judge admitted two prosecution exhibits over trial defense counsel's objections.

First, trial counsel offered a memorandum for record signed by the appellant's commander which stated he had verbally counseled the appellant following the appellant's first fitness test failure (Prosecution Exhibit 5). Trial defense counsel objected based on hearsay and relevancy. The military judge determined the record was admissible for sentencing, finding it was relevant to the appellant's performance of duty and was "properly certified . . . on the side [of the document] as [having been] maintained in the squadron records." The military judge did note, however, that he would "give it whatever weight it deserves."

Trial counsel next offered an unsigned memorandum for record containing the signature block of a noncommissioned officer who verbally counseled the appellant when she arrived late to work for the second consecutive day (Prosecution Exhibit 6). Trial defense counsel objected that the document was neither relevant nor an administrative action. The military judge determined the record was documentation of an oral

counseling and that, while "it ha[d] very minimal relevance," it was admissible because it was maintained in a squadron personnel information file.

*Admission of Sentencing Evidence*

The appellant argues the military judge abused his discretion by admitting both documents under Rule for Courts-Martial (R.C.M.) 1001(b) as they did not meet the requirement for admission under that rule.

We review a military judge's decision to admit sentencing evidence for an abuse of discretion. *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000). Such a review implicitly acknowledges a military judge has a range of choices, and we will not overturn an action taken within that range. *United States v. Lubich*, 72 M.J. 170, 173 (C.A.A.F. 2013). We test the erroneous admission of evidence during the sentencing portion of a court-martial to determine if the error substantially influenced the adjudged sentence. *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005).

Rule for Courts-Martial 1001(b)(2) provides that, during sentencing, trial counsel may introduce personal data and information pertaining to the character of the accused's prior service. This rule provides as follows:

> *Under regulations of the Secretary concerned*, trial counsel may obtain and introduce from the personnel records of the accused evidence of the accused's . . . character of prior service. Such evidence includes copies of reports reflecting the past military efficiency, conduct, performance, and history of the accused and evidence of any disciplinary actions including punishments under Article 15[, UCMJ].
>
> "Personnel records of the accused" includes any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused. If the accused objects to a particular document as inaccurate or incomplete in a specified respect, or as containing matter that is not admissible under the Military Rules of Evidence, the matter shall be determined by the military judge. Objections not asserted are waived.

(Emphasis added.)

In the Air Force, the "regulation[] of the Secretary concerned" is Air Force Instruction (AFI) 51-201, *Administration of Military Justice* (6 June 2013). *See United*

*States v. Sheridan*, 43 M.J. 682, 685 (A.F. Ct. Crim. App. 1995) (to be admissible under R.C.M. 1001(b)(2), reprimand need not comply with regulation governing unfavorable information files, but must meet requirements of military justice regulation governing presentencing matters).

In pertinent part, AFI 51-201 sets the following guidelines for admission of documents from an accused's personnel information file:

> *Section 8E—Pre-sentencing Matters (RCM 1001)*
>
> **8.13. Personnel Data and Character of Prior Service.** "Personnel records of the accused," as referenced in RCM 1001, includes all those records made or maintained in accordance with Air Force directives that reflect the past military efficiency, conduct, performance, and history of the accused, as well as any evidence of disciplinary actions, including punishment under Article 15, UCMJ, and previous court-martial convictions.
>
> 8.13.1. Personnel Information File. Relevant material contained in an accused's unit personnel information file (PIF) may be admitted pursuant to RCM 1001(b) if:
>
> 8.13.1.1. Counsel provided a copy of the document or made the document available to opposing counsel prior to trial; and
>
> 8.13.1.2. There is some evidence in the document or attached to it that:
>
> 8.13.1.2.1. The accused received a copy of the correspondence (a document bearing the signature of the accused, or a witnessed statement regarding the accused's refusal to sign, would meet this criterion) and had the opportunity to respond to the allegation; and,
>
> 8.13.1.2.2. The document is not over 5 years old on the date the charges were referred to trial.

Applying these requirements to the documents at issue here, we find these two exhibits did not comply with the regulation of the Secretary concerned. Prosecution Exhibit 5 contained only the signature of the squadron commander, and Prosecution Exhibit 6 contained only the signature block of a fellow instructor and staff sergeant,

without even that individual's signature. Neither document bears the signature of the accused, a witnessed statement regarding the accused's refusal to sign, nor any other evidence the appellant received a copy of either document nor had the opportunity to respond to the allegations made therein. *See* AFI 51-201, ¶ 8.13.1.2.1. Accordingly, admission of these exhibits was error.

Turning to the impact of this error, however, we find none. When admitting the exhibits, the military judge noted he would give them the weight they deserve. Viewing the appellant's guilty plea as a whole, to include her admitted larceny of a fellow Airman's camera and $600.00 from her squadron's Snack and Fundraiser fund, and several adverse administrative actions properly admitted at trial, we find the record of a single fitness failure and a late arrival work to have had little-to-no impact on the sentencing decision of a seasoned military judge and thus did not substantially influence the adjudged sentence. Particularly in light of the military judge's express statement that he considered the exhibits in question to be of "very minimal relevance," we find the error to be harmless.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32173