# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Airman First Class JUKENS ESTIMON
## United States Air Force

## ACM 38598

## 1 September 2015

Sentence adjudged 11 February 2014 by GCM convened at Malmstrom Air Force Base, Montana. Military Judge: Grant L. Kratz (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Major Anthony D. Ortiz.

Appellate Counsel for the United States: Captain Richard J. Schrider and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

HECKER, Senior Judge:

At a general court-martial composed of a military judge sitting alone, the appellant was convicted, consistent with his pleas, of sexual abuse of a child and possession of child pornography, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934. The court sentenced the appellant to a bad-conduct discharge, confinement for 14 months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority lowered the confinement to 12 months in accordance with a pretrial agreement and approved the remainder of the sentence as adjudged.

On appeal, the appellant contends the military judge erred by finding certain sentencing evidence was properly authenticated. We disagree.

*Background*

In November 2012, the 21-year-old appellant found the online profile of a 14-year-old girl through mutual friends and began communicating with her. The two never met in person. She told the appellant her age in late December or early January 2013, and the appellant continued communicating with her. Her stepfather became concerned after he learned of their interactions. He angrily confronted the appellant over the telephone, and the appellant promised to stop all communications. He failed to do so. Instead, he and the child began using a coded system so they could avoid detection by her mother and stepfather.

The two engaged in numerous innocuous discussions about non-sexual matters. On three occasions in January 2013, however, the appellant conversed with the girl through text messages where he graphically described sexual acts and asked her to send him a photograph of her genital area. In early March 2013, she did so and he responded by asking her to send more. He also sent her four photographs of his naked penis, as well as a video of him masturbating. He admitted doing all these acts in order to arouse or gratify his sexual desires and those of the girl. When the girl's stepfather discovered the two were still communicating, he alerted military authorities.

For this course of conduct, the appellant pled guilty to sexual abuse of a child by intentionally communicating indecent language to a child under 16 and exposing his penis to her through the use of communication technology. He also pled guilty to possessing and viewing child pornography based on the photograph the girl sent him.

*Sentencing Evidence*

The appellant entered the Air Force in August 2010. The precise timing of the appellant's assignment to two units at Malmstrom Air Force Base is unclear from the record. According to his enlisted performance reports, the appellant's first duty assignment there was as a chef with the 10th Missile Squadron (located within the operations group) and that duty lasted from August 2010 through the close-out date of that report (23 April 2013). However, in his guilty plea inquiry, the appellant said he was assigned to the Force Support Squadron (FSS) during the time frame of his misconduct (November 2012 to April 2013), that he was also assigned to that unit at the time of trial (February 2014) and that "in between" he was assigned to the 10th Missile Squadron.

During sentencing, the trial counsel attempted to introduce into evidence two disciplinary documents signed by members of the 10th Missile Squadron—a June 2012 letter of admonishment the appellant received for failing to show up for work on time and

a January 2013 letter of counseling the appellant received for failing to clean the missile alert facility and prepare it for the next shift. The two documents included the annotation "certified true copy" signed and dated by the operations' group first sergeant, Master Sergeant (MSgt) SN on 21 June 2013. The defense objected to both documents, citing authentication, hearsay, and foundation concerns.

In response, the government called Master Sergeant (MSgt) KM, the superintendent of the military personnel section who was also the acting first sergeant for the FSS. In his testimony, MSgt KM indicated he was not sure whether the appellant was still assigned to the operations group or if he had recently been transferred to the FSS along with most of the other missile chefs. Because of this uncertainty, MSgt KM was not sure if he was the appellant's current first sergeant.

As the first sergeant, MSgt KM had access to the FSS unit members' personnel information files (PIFs). On the day of his testimony, he found the appellant's PIF in the FSS commander's support staff office in a locked cabinet with other PIFs of FSS members. He testified that he found in the appellant's PIF exact copies of the two disciplinary documents being discussed at trial. He had no knowledge of the circumstances underlying the creation of the documents, when and why they were placed or maintained in the appellant's file or how the file ended up in the file cabinet.

The military judge overruled the defense objection, finding the documents were "substantially authenticated as a service record found in the accused's PIF" by the first sergeant (MSgt KM) for the unit where the PIF was located. The appellant continues with his authentication objection on appeal, contending MSgt KM had insufficient knowledge about these documents to authenticate them as part of the appellant's personnel records.

A military judge's decision to admit sentencing evidence is reviewed for an abuse of discretion. *See United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010). Such a review implicitly acknowledges a military judge has a range of choices, and we will not overturn an action taken within that range. *United States v. Lubich*, 72 M.J. 170, 173 (C.A.A.F. 2013).

Under R.C.M. 1001(b)(2), the government may introduce personal data and information pertaining to the character of the accused's prior service. This rule provides as follows:

> *Under regulations of the Secretary concerned*, trial counsel may obtain and introduce from the personnel records of the accused evidence of the accused's . . . character of prior service. Such evidence includes copies of reports reflecting the past military efficiency, conduct, performance, and

history of the accused and evidence of any disciplinary actions including punishments under Article 15[, UCMJ]. "Personnel records of the accused" includes any records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused.

(Emphasis added).

In the Air Force, the "regulation[] of the Secretary concerned" is Air Force Instruction (AFI) 51-201, *Administration of Military Justice* (6 June 2013). *See United States v. Sheridan*, 43 M.J. 682, 685 (A.F. Ct. Crim. App. 1995). In pertinent part, AFI 51-201, ¶ 8.13.1, states "relevant material" from an accused's unit PIF may be admitted if the defense is provided a copy prior to trial and if the document indicates the accused had the opportunity to respond to the allegation in the document. An accused can object to a particular document as inaccurate, incomplete, or because it contains matters that are not admissible. R.C.M. 1001(b)(2).

The appellant does not contend that the two documents are forgeries nor does he take issue with MSgt KM's testimony that identical documents were found in a file stored with PIFs of other FSS personnel. Instead, his focus is on MSgt KM's lack of first-hand information about the documents and the file, citing to Mil. R. Evid. 901(a) which states, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." He essentially argues MSgt KM is not a "witness with knowledge . . . that a matter is what it is claimed to be." Mil. R. Evid. 901(b)(1).

MSgt KM was familiar with how PIFs are maintained within the Air Force generally and the FSS more specifically. He reviewed the appellant's PIF after finding it within the locked cabinet where PIFs of FSS personnel are stored. The appellant stipulated that, as of the time of trial, he was a member of the FSS. The two documents at issue both include the appellant's acknowledgment that they would be maintained in the appellant's PIF. The defense was given these documents prior to trial, and both documents indicate the appellant had the opportunity to respond to the allegations in them. *See* AFI 51-201, ¶ 8.13.1.

Considering all the evidence together, we find MSgt KM's testimony adequate to support a finding that the two documents are disciplinary records found within the appellant's PIF which was properly maintained within the FSS and thus the military judge did not abuse his discretion by admitting them. Even if admission of these two documents was erroneous, we find the appellant was not prejudiced by their admission. Given the appellant's misconduct with a 14-year-old girl, the adjudged sentence was not

substantially influenced by the appellant's minor disciplinary infractions while with the 10th Missile Squadron. *See United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005).

## *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[*]  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).  Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[*] We note two typographical errors in the court-martial order (CMO).  The specification of Charge II erroneously is listed as "specification 1" instead of simply "specification."  Also, the listed findings for that specification should read "G, except the words 'was to the prejudice of good order and discipline in the armed forces and'; of the excepted words, NG, of the remaining words, G."  We order a corrected CMO.