# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32759

————————————

### UNITED STATES
*Appellee*

v.

### Robert D. PETTY
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 October 2024

————————————

*Military Judge*: Christopher D. James (pretrial motion);[1] Elijah F. Brown; Lance R. Smith (post-trial).

*Sentence*: Sentence adjudged 26 June 2023 by SpCM convened at Vandenberg Space Force Base, California. Sentence entered by military judge on 8 August 2023: Bad-conduct discharge, reduction to E-4, and a reprimand.

*For Appellant*: Major Frederick J. Johnson, USAF; Captain Thomas R. Govan, Jr., USAF.

*For Appellee*: Lieutenant Colonel J. Pete Ferrell, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire; Michael A. Love, legal extern.[2]

Before ANNEXSTAD, MENDELSON, and MASON, *Appellate Military Judges*.

Judge MENDELSON delivered the opinion of the court, in which Senior Judge ANNEXSTAD and Judge MASON joined.

————————————

[1] Pursuant to Article 30a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 830a.

[2] Mr. Love was a law student extern and was at all times supervised by an attorney admitted to practice before this court.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

MENDELSON, Judge:

In accordance with Appellant's pleas and pursuant to a plea agreement, a special court-martial comprised of a military judge sitting alone convicted Appellant of one specification of failure to obey a lawful general regulation and one specification of dereliction in the performance of duties, both in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892.[3] The military judge sentenced Appellant to a bad-conduct discharge, reduction to the grade of E-4, and a reprimand. The convening authority took no action on the findings or sentence.

On appeal, Appellant personally asserts[4] that the military judge erred in admitting a letter of reprimand in sentencing. We disagree and affirm the findings and sentence as entered.

## I. BACKGROUND

While serving as a recruiter in Arkansas, Appellant engaged in a sexual relationship with a prospective Air Force recruit and advised the recruit to conceal her prior marijuana use in the application process. At trial, Appellant pleaded guilty to these offenses, and was sentenced by military judge. During sentencing proceedings, the Government offered into evidence a certified copy of a letter of reprimand maintained in Appellant's personnel records, pursuant to Rule for Courts-Martial (R.C.M.) 1001(b)(2). The letter of reprimand was issued to Appellant for driving under the influence of alcohol.

The first page of the exhibit at issue is the letter of reprimand itself, which is dated 30 May 2023. The letter of reprimand lists a police report as an attachment, but the exhibit does not include a copy of the police report. The letter of reprimand instructed Appellant that he must immediately acknowledge receipt of the letter and return it within three workdays along with any response he wished to be considered.

_____

[3] Pursuant to the plea agreement, one specification of abuse of position as a military recruiter, in violation of Article 93a, UCMJ, 10 U.S.C. § 893a, was withdrawn and dismissed with prejudice. Unless otherwise noted, references to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial*, United States (2019 ed.).

[4] Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

The second page of the exhibit contains three indorsements to the letter of reprimand. The first indorsement is signed by Appellant, acknowledging receipt of the letter of reprimand on 30 May 2023, and acknowledging that he had until 2 June 2023 (three duty days) to provide a response with any comments or documents he wished to be considered. The second indorsement is signed by the issuing commander, with a handwritten date of 7 June 2023, in which the commander stated he considered Appellant's response and decided the reprimand was an appropriate action and would remain in place. The third indorsement is signed by Appellant acknowledging he was notified of the commander's final decision on either 5 or 6 June 2023.[5]

The third and final page of the exhibit is Appellant's written response to the letter of reprimand. In his response, Appellant referenced the police report attached to the letter of reprimand, stating, "All interactions with the law enforcement officers are as stated in the police report."

Trial defense counsel objected to the admission of the letter of reprimand on the basis that it was incomplete and was not made or maintained in accordance with Department of Air Force Instruction (DAFI) 36-2907, *Adverse Administrative Actions* (14 Oct. 2022), as required by R.C.M. 1001(b)(2). The military judge overruled the defense objection. In overruling the objection, the military judge found the letter of reprimand was a complete record, and was administered in accordance with departmental regulations because all of the due process requirements of DAFI 36-2907 were followed.

## II. DISCUSSION

Appellant contends the military judge erred in admitting the letter of reprimand in sentencing because (1) the police report listed as an attachment was not included, rendering it incomplete, and (2) the indorsements to the letter of reprimand do not indicate Appellant was properly notified of the commander's final decision in accordance with DAFI 36-2907. We are not persuaded by Appellant's argument and find no relief is warranted.

### A. Law

We review a military judge's decision to admit sentencing evidence for an abuse of discretion. *United States v. Barker*, 77 M.J. 377, 383 (C.A.A.F. 2018). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be 'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous.'" *United States v. McElhaney*, 54 M.J. 120,

---

[5] The date is handwritten. At trial, the parties agreed that it is difficult to decipher whether the handwritten number is a "5" or a "6."

130 (C.A.A.F. 2000) (quoting *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F. 1997); *United States v. Travers*, 25 M.J. 61, 62 (C.M.A. 1987)).

> A military judge abuses his or her discretion when: (1) the military judge predicates a ruling on findings of fact that are not supported by the evidence of record; (2) the military judge uses incorrect legal principles; (3) the military judge applies correct legal principles to the facts in a way that is clearly unreasonable; or (4) the military judge fails to consider important facts.

*United States v. Rudometkin*, 82 M.J. 396, 401 (C.A.A.F. 2022) (citations omitted).

In sentencing proceedings, R.C.M. 1001(b)(2) provides that, "[u]nder regulations of the Secretary concerned," the prosecution may introduce an accused's personnel records as evidence of the prior service of the accused. These personnel records include "any records made or maintained in accordance with departmental regulations that reflect past military efficiency, conduct, performance, and history of the accused." *Id.* "If the accused objects to a particular document as inaccurate or incomplete in a specified respect . . . the matter shall be determined by the military judge." *Id.*

The "regulation[ ] of the Secretary concerned," which addresses the admissibility of personnel records in pre-sentencing matters under R.C.M. 1001(b), is DAFI 51-201, *Administration of Military Justice* (14 Apr. 2022). *See United States v. Sheridan,* 43 M.J. 682, 685 (A.F. Ct. Crim. App. 1995) (to be admissible under R.C.M. 1001(b)(2), a letter of reprimand must meet requirements of military justice regulation governing presentencing matters). Under DAFI 51-201, relevant material contained in an accused's personnel record may be admitted pursuant to R.C.M. 1001(b) if: (1) counsel provided a copy of the document or made the document available to opposing counsel prior to trial; (2) there is some evidence that the accused received a copy and had the opportunity to respond to the allegation; and (3) the document was not over five years old on the date the charges were referred to trial. ¶ 19.15.1. Moreover, DAFI 51-201 specifies that "'[p]ersonnel records of the accused,' as referenced in R.C.M. 1001, includes those records made or maintained in accordance with DAF directives. . . ." ¶ 19.15.

In turn, the DAF regulation governing how records of adverse administrative actions, to include letters of reprimand, are made and maintained is DAFI 36-2907.[6] Pursuant to DAFI 36-2907, the reprimand must be documented in

---

[6] DAFI 36-2907 implements Department of the Air Force Policy Directive 36-29, *Military Standards*, which directs the DAF will provide guidelines on, *inter alia*, adverse administrative actions.

writing and "will include and list as attachments: relevant statements, portions of investigations, reports, and other documents that serve, in part or in whole, as the basis for the letter." ¶¶ 2.4.2; 2.4.2.6. Regular component members are "allocated 3 duty days . . . to acknowledge the intended actions and provide pertinent information before the issuing authority makes the final decision on the administrative action." *Id.* ¶ 2.4.2.4. "The . . . issuing authority, after considering any comments submitted by the individual, must inform the member within 3 duty days of their decision as to the final disposition of the action." *Id.* ¶ 2.4.3. DAFI 36-2907 includes a sample administrative action letter "for the recommended format and required statements." ¶ 2.4.2.4; Attachment 5. After the issuing authority provides notice of the final disposition, the "record of the action consists of the finalized [letter of reprimand] and written response thereto submitted by the member and/or the member's defense counsel. . . . Evidence and any other written materials considered as a basis for imposing the administrative letter are not part of the record." *Id.* ¶ 2.4.4.

Under the "rule of completeness," when a writing is introduced by a party, an adverse party may require that party to introduce any other part of that writing, or any other writing, which ought in fairness to be considered contemporaneously with it. Mil. R. Evid. 106; *see also United States v. Rodriguez*, 56 M.J. 336, 339–40 (C.A.A.F. 2002) (explaining the historical roots of the rule of completeness). "[Mil. R. Evid.] 106 may be invoked by either the prosecution or defense to address matter introduced by the opposing party. The primary concern of [Mil. R. Evid.] 106 is the order of proof, permitting an adverse party to compel the introduction of favorable evidence during the opponent's case." *Rodriguez*, 56 M.J. at 340 (internal quotation marks and citation omitted). "[Mil. R. Evid.] 106 . . . require[s] an initial determination that a party has introduced an incomplete item. If the item is incomplete, then the opposing party may invoke [Mil. R. Evid.] 106 . . . as appropriate, to ensure that the court-martial is not provided with a misleading portrayal of the initial statement." *Id.* at 342.

**B. Analysis**

As an initial matter, we note that both parties, at trial and on appeal, assert DAFI 36-2907 is the controlling regulation in determining whether the letter of reprimand was made or maintained in accordance with departmental regulations for purposes of admissibility under R.C.M. 1001(b)(2). Because the parties do not dispute the applicability of DAFI 36-2907, we will assume, without deciding, the requirements of DAFI 36-2907 apply.[7]

---

[7] *Cf. Sheridan*, 43 M.J. at 685 (to be admissible under R.C.M. 1001(b)(2), a letter of reprimand need not comply with regulation governing unfavorable information files,

Appellant first argues that because the police report was not included, the letter of reprimand was "incomplete on its face." Appellant contends his due process rights were violated because the "missing" attachment may have corroborated his response to the letter of reprimand and may have contained evidence of extenuating or mitigating circumstances. Appellant further contends that, because trial defense counsel objected to the letter of reprimand as incomplete, the military judge should have required the Prosecution to include the attachment pursuant to Mil. R. Evid. 106. We find these arguments unavailing.

We find the letter of reprimand was not an incomplete record. The Prosecution offered the letter of reprimand into evidence pursuant to R.C.M. 1001(b)(2), which provides for the admission of Appellant's personnel records made or maintained in accordance with departmental regulations. Under DAFI 51-201, which addresses the admissibility of personnel records pursuant to R.C.M. 1001(b), there must be evidence Appellant received a copy of the letter of reprimand and had an opportunity to respond to the allegation. ¶ 19.15.1.2. The letter of reprimand clearly indicates both that Appellant received a copy and had an opportunity to respond, as it includes Appellant's signature acknowledging receipt and Appellant's response. Moreover, the departmental regulation governing how records of reprimands are made and maintained, DAFI 36-2907, explicitly instructs that "[e]vidence and any other written materials considered as a basis for imposing the administrative letter are not part of the record." ¶ 2.4.4. Because the police report was evidence the issuing authority considered as a basis for imposing the letter of reprimand, it is not maintained as part of the record pursuant to DAFI 36-2907. The "record of action" only "consists of the finalized [letter of reprimand] and written response thereto submitted by the member and/or the member's defense counsel." *Id.* Accordingly, the letter of reprimand, which included Appellant's response, was a complete personnel record under the applicable departmental regulations.

Notably, trial defense counsel did not seek admission of the police report into evidence. To the extent Appellant maintains the police report may have contained favorable information (such as corroboration of Appellant's response, or matters in extenuation or mitigation), which in fairness should have been considered contemporaneously with the letter of reprimand, trial defense counsel could have invoked Mil. R. Evid. 106 to attempt to compel the introduction of the police report, but failed to do so. Even assuming *arguendo* trial defense counsel had invoked Mil. R. Evid. 106, the rule would not have compelled

but must meet requirements of military justice regulation governing presentencing matters).

admission of the police report because, as we find above, the letter of reprimand was not an incomplete record. *Rodriguez*, 56 M.J. at 342 ("[Mil. R. Evid.] 106 . . . require[s] an initial determination that a party has introduced an incomplete item.").[8]

Appellant also argues the military judge erred in admitting the letter of reprimand because the indorsements do not indicate Appellant was properly notified of the commander's final decision within three days in accordance with DAFI 36-2907, ¶ 2.4.3. Appellant contends the indorsements "appear to go in reverse order," because the issuing commander's indorsement of his final decision has a handwritten date of 7 June 2023, while Appellant's indorsement that he was informed of the final decision has a handwritten date of either 5 or 6 June 2023.

As the military judge noted, we agree that the letter of reprimand "could have been executed more cleanly" had the issuing commander used the sample provided in DAFI 36-2907. We also agree with Appellant's contention that the handwritten dates on the indorsements at issue "appear to go in reverse order" because the issuing commander would first have to make his final decision before Appellant could be notified of the final decision. We find in our review of the record, and as common sense dictates, the apparent reverse order of the dates most likely resulted from a scrivener's error – either the issuing commander or Appellant mistakenly wrote in the wrong date when signing their indorsement. But despite the scrivener's error, we are satisfied that the letter of reprimand was in substantial compliance with the due process requirements of DAFI 36-2907: Appellant was provided the reprimand in writing on 30 May 2023; Appellant was granted three duty days, until 2 June 2023, to provide a response; and sometime during the timeframe between 5 June 2023 and 7 June 2023, the issuing commander considered Appellant's response, made a final decision that the letter of reprimand was the appropriate action, and Appellant was notified of the issuing commander's final decision. Accordingly, we find the military judge did not abuse his discretion in admitting the letter of reprimand into evidence.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.

---

[8] Moreover, if the police report contained favorable information, trial defense counsel was at liberty to introduce the police report in their sentencing case under R.C.M. 1001(d)(1), which allows the Defense to present matters in rebuttal, extenuation, and mitigation.

Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court